UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **REINALDO OLIVERO AGUILERA,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **PAMELA BONDI, ATTORNEY** ) <br> **GENERAL,** ) <br> ) <br> Respondent. ) | Civil Action No. 26-cv-10949-ADB |

### MEMORANDUM AND ORDER

**BURROUGHS, D.J.**

For the reasons stated below, if petitioner wishes to proceed with a habeas action, he must resolve the filing fee and file a petition for writ of habeas corpus.

## I.  Background

On September 11, 2025, Petitioner Reinaldo Olivero Aguilera, an inmate at Federal Medical Center, Devens, in Ayer, Massachusetts, filed a pro se "Motion to Review Final Order of Removal and Dismiss Final Order of Deportation" (hereinafter, "the petition") in the United States Court of Appeals for the First Circuit. See Aguilera v. Bondi, No. 25-1876 (1st Cir. BIA appeal filed Sept. 11, 2025).  On February 20, 2026, finding that appellate jurisdiction is lacking, the appeals court transferred the petition to the District of Massachusetts so that the district court may determine whether the petition may be entertained as a habeas petition of some sort and/or whether the petition may be construed as some other type of filing within the jurisdiction of the district court.  [Id.].

The action was randomly assigned to the undersigned, see [ECF No. 2], and the petition was entered on the docket as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  See

[ECF No. 1]. The petition names as respondent Attorney General Pamela Bondi. [Id.] Among other things, petitioner expresses his desire "to fight his removal in an immigration courtroom" and states that he is suffering from health concerns. [Id.] Attached to the petition is a Federal Bureau of Prisons ("BOP") "Detainer Action Letter." [Id.]

## II.    Standard of Review

The petition has not been served pending the court's preliminary review of the document. See McFadden v. Warden, FCI Danbury, No. CV 22-30062-KAR, 2022 WL 1556026, at *2 (D. Mass. May 17, 2022) (explaining that 28 U.S.C. § 2243 provides that if it appears from the application that petitioner is not entitled to relief, the district court is not required to serve the petition on respondent); see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") (providing that, if it "plainly appears from petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

## III.    Availability of Relief under § 2241

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Section 2241 gives the federal courts jurisdiction to provide habeas relief "within their respective jurisdictions" to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).

---

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the District Court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

A § 2241 petition must be brought against the petitioner's custodian.  See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian, not supervisory official exercising legal control, of petitioner is proper respondent in habeas action); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (immigration detainee "normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained").

To the extent petitioner seeks to challenge his custody under a final order of removal, he may wish to file a separate § 2241 petition.  Noncitizens may file a § 2241 petition challenging their removal proceedings to the extent they claim that they are in custody in violation of federal law.  Generally, a noncitizen who is confined pursuant to criminal charges is not in ICE custody for purposes of § 2241 simply because ICE has lodged a detainer against him with the prison where he is incarcerated.  See Garcia-Echaverria v. United States, 376 F.3d 507, 510–11 (6th Cir. 2004) ("While an alien may file a § 2241 petition challenging his removal proceedings, an alien is not 'in custody' for removal purposes if he is detained pursuant to a sentence for a criminal conviction [even if an immigrations detainer] is filed with the prison where the petitioner is incarcerated.").  Although a detainer, without more, is insufficient to render a noncitizen "in custody," a "noncitizen petitioner subject to final removal proceedings is 'in custody' for habeas purposes, whether or not he is detained."  Simmonds v. INS, 326 F.3d 351, 356 (2d Cir. 2003)); see also Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) ("Almost all the circuit courts considering the issue have determined that the lodging of a detainer, without more, is insufficient to render the alien in custody.")

## IV. Filing Fee

A party filing a habeas action in the district court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee.  See 28

U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis).  Any motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the Rules Governing Section 2254 Cases.

### V.    Order

Upon review of the pleadings, it is hereby ordered as follows:

1. If petitioner wishes to proceed with a habeas action, within 42 days of the date of this Order, petitioner must (1) either pay the $5.00 filing fee or file a motion to proceed in forma pauperis accompanied by a certified prison account statement, (2) and file a petition for writ of habeas corpus.  Failure of petitioner to timely comply with these directives will result in the dismissal of this action without prejudice.

2. The Clerk shall provide petitioner with an Application to Proceed in District Court Without Prepaying Fees or Costs and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

**So Ordered.**

/s/ Allison D. Burroughs
Allison D. Burroughs
United States District Judge

March 5, 2026